Chief Justice Bibb
delivered the Opinion of the Court.
This record presents a single question: could a decree in Bourbon for land, and for costs, authorize an execution for costs to go to the county of Montgomery? No facts as to residence of the defendants, no other fact, to impeach the execution; and sale of the land under it, was made out no other question arose upon the evidence and the motion.
The first section of the general execution law,- of the 19th December, 1796, (1 Dig: 478,) declares, “all persons recovering any debt, damages, or costs, by the judgment of any court of record within this commonwealth, may at their election, prosecute writs of fieri facias,” &c.
Common law executions given on decrees in chancery.
By the common law, writs of execution could not go beyond the territorial jurisdiction of the court.
Executions allowed to other conn- . ties m certain casos.
Distinction between decrees for costs and other things as to the execution.
The second section declares, “after obtaining a final decree for lands, slaves or money, or things of a specific nature, in any court having chancery jurisdiction, the clerk of such court shall, upon the request of the party obtaining such a decree, issue any writ of execution, either & fieri facias,” &c. &c. or any other judicial process which may now issue from any court of common law, according to the nature of the case, for carrying the decree into effect; but the party may nevertheless proceed to carry his decree into effect as if this section had not been enacted.
So far decrees are put on the same footing as judgments. But by the common law the execution could not go beyond the territorial jurisdiction of the particular court which rendered the judgment.
By the 10th section, of the act of 1796, it is enacted:
“Where judgment shall be obtained in any court of record, for any debt or damages, and the person against whom such judgment shall be obtained remove himself or his effects, or shall reside out of the limits of the jurisdiction of such court, it shall be lawful for the clerk of the court where judgment was given, at the request of the party for whom the same was rendered, to issue any writ of fieri facias,” &c. “or other legal judicial writ, and direct the same to the sheriff of any county within this State, where the defendant, or debtor, his goods, or land may be found,” &c.
This section would authorize the fieri facias which has issued from Bourbon to Montgomery, as the lands of the defendants are found there, and there is no objection that the defendants in the execution did not reside there; were it not for the expressions, “where judgment shall be obtained, for any debt or damages.” “Debt or damages” it is said do not include the cases of executions for costs only; and it is argued from this section, that a judgment, for costs only would not authorize an execution for costs only to be sent out of the limits of the jurisdiction of the court in which judgment was rnn *48 tiered, so it would not authorize execution for costs only upon a decree.
Writ of execution may issue on a judgment or decree for costs, to any county in the state, against the defendant ivho may remove himself or effects, or reside out of the jurisdiction of the court.
Decree for °°s*s e“>brac-terms decroe for money,
*48 Without pursuing the question as to executions for costs on judgments, or tracing this subject back to the acts of Virginia of 1772 and 1748, or deciding the question as to such executions for costs, it is clear that a common law judgment for debt or damages, would have authorized an execution therefor to go from Bourbon to Montgomery, if the defendants reside in Montgomery. The second section before quoted authorizes a party after obtaining afinal decree for “lands, slaves or money, or things of a specific nature,” to issue any writ of execution, either a fieri facias, or any other judicial process “which may-now issue from any court of common law, according to the nature of the case, for carrying such a decree into effect; which writ shall issue in the same manner as other judicial writs.” Let us then, on the 10th section, substitute, and engraft the provisions of the second section in relation to decrees, and it will then read, “where a final decree shall be obtained for lands, slaves or money, or things of a, specific nature, and the person against whom such decree shall be obtained remove himself or effects or reside out of the limits of the jurisdiction of such court, it shall be lawful for the clerk of the court where such decree was given, at the request of the party for whom the same was rendered, to issue any writ of fieri facias, &c. and direct the same to the sheriff of any county within this State where the defendant or debtor, his goods or lands may be found,” &c. The question will then arise, do the expressions “decree for lands, slaves or money or things of a specific nature” include, a decree for land and costs of suit, and authorize] an execution for costs upon that decree to issue from Bourbon to Montgomery, or is an execution for costs on such a decree for land and costs excluded. We cannot say that a decree for lands and money excludes the issuing of an execution for the costs only, from Bourbon to Montgomery.
A decree for costs is a decree for money; and the expressions used in this second section are com *49 prehensive enough to embrace the present execution and to authorise it as issued.
Judgment,
Mayes, for plaintiffs.
It is therefore ordered and decreed by this court, that the judgment of the circuit court, upon the motion aforesaid, in quashing the execution and sale, be reversed, annulled, and set aside: which is ordered to be certified, &c.
Plaintiffs in this court to recover costs.